COURT OF APPEALS OF VIRGINIA


Present:    Judge McClanahan, Senior Judges Coleman and Annunziata


CVS VIRGINIA DISTRIBUTION, INC. AND
  CVS CORP./GAB ROBINS NORTH AMERICA, INC.
                                                        MEMORANDUM OPINION[*]
v.        Record No. 2417-05-2                              PER CURIAM
                                                          MARCH 21, 2006
JOYCE B. OWENS


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Michael P. Del Bueno; Whitt & Associates, on briefs), for
                appellants.

                (B. Mayes Marks, Jr.; Marks and Associates, P.C., on brief), for
                appellee.


        CVS Virginia Distribution, Inc. and its insurer appeal a decision of the Workers'

Compensation Commission finding that Joyce B. Owens (claimant) proved that her disability

and medical treatment were causally related to her compensable August 27, 2001 injury by

accident and that she was totally disabled during the periods from March 20, 2002 through

August 12, 2002; June 9, 2003 through June 30, 2003, and September 16, 2003 and continuing.[1]

We have reviewed the record and the commission's opinion and find that this appeal is without

merit.  Accordingly, we affirm for the reasons stated by the commission in its final opinion.  See

Owens v. CVS VA Distribution, Inc., VWC File No. 207-00-29 (Sept. 1, 2005).  We dispense

with oral argument and summarily affirm because the facts and legal contentions are adequately

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We note that while employer presented seventeen questions in its brief, all of those
questions relate to the overriding issues of causation and disability as determined by the
commission.

presented in the materials before the Court and argument would not aid the decisional process.

See Code § 17.1-403; Rule 5A:27.

We deny claimant's request for attorneys' fees and costs pursuant to Code § 65.2-713.[2]

Affirmed.

---

[2] Claimant also cited Code § 65.2-524 in support of her request for attorneys' fees and costs. However, that code section is not applicable to a request for attorneys' fees and costs as it pertains to the assessment of a penalty against an employer for failure to timely pay compensation.